UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  4:19CR00941 HEA |
| | ) | SIGNED AND SUBMITTED TO THE |
| | ) | COURT FOR FILING BY RELIABLE |
| PORTIA LINDSEY, | ) | ELECTRONIC MEANS |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1.  PARTIES:

The parties are the defendant, PORTIA LINDSEY, represented by defense counsel, Diane Dragan, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

## 2.  GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 4 and 7, the United States agrees that it will move for the dismissal of Counts 1, 2, 3, 5, 6, and 8 as to the defendant at the time of sentencing.   The government further agrees that no further federal prosecution will be brought in this District relative to (1) the defendant's use of the personal identifying information of another to obtain a state driver's license and to open and use federally insured financial accounts between August 14, 2018 and

October 31, 2019, and (2) the defendant's possession of controlled substances on August 27, 2019, as charged in Case No. 1922-CR02790-01, of which the Government is aware at this time.

The parties also agree that, pursuant to Rule 11(c)(1)(C), a sentence of zero months incarceration and a three year term of supervised release should be imposed for the violation of Title 42, United States Code, Section 408(a)(7)(B) charged in Count 4 of the indictment. The parties recognize that this will operate as a variance from the applicable guideline range. This term shall be consecutive to the 24 month term of incarceration that is mandated upon a conviction of Title 18, United States Code, Section 1028A as charged in Count 7 of the indictment.

In addition, the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea.

**3.   ELEMENTS:**

As to Count 4, the defendant admits to knowingly violating Title 18, United States Code, Section 408(a)(7)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    (1)    that, for any purpose, the defendant acted with the intent to deceive;

    (2)    that the defendant represented a particular social security number to be hers; and

    (3)    that the representation was false.

As to Count 7, the defendant admits to knowingly violating Title 18, United States Code, Section 1028A, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    (1)    that the defendant knowingly transferred or used, without lawful authority, a means of identification of another person;

2

(2)     that the defendant acted during and in relation to the felony offenses of bank

        fraud, access device fraud, and production of an identification device; and

(3)     that the defendant knew, or should have known, that the means of

        identification belonged to an actual individual.

## 4.   FACTS:

The parties agree that the facts in this case are as follows and that the government would

prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be

considered as relevant conduct pursuant to Section 1B1.3:

On August 26, 2019, detectives with the Saint Louis Metropolitan Police Department

discovered a driver's license in the name of P.A.C., but bearing defendant's photograph.

Defendant agrees and admits that she used the personal identifying information of P.A.C., a

severely disabled individual, in order to obtain a driver's license on August 14, 2018 from a contract

office of Missouri Department of Revenue located in the Eastern District of Missouri.   Defendant

agrees and admits that she represented that P.A.C.'s social security number had been issued to her

by the Social Security Administration in obtaining the driver's license.   She obtained replacement

driver's licenses on March 25, 2019 and June 6, 2019 using P.A.C.'s identifying information.

Defendant further agrees and admits that she used the fraudulently obtained driver's licenses

in order to rent vehicles from a car rental agency located in St. Louis, Missouri, and to open and

use federally insured financial accounts between June 21, 2019 and September 9, 2019.   In

particular, defendant agrees and admits that, on July 12, 2019, she used the name, date of birth, and

social security number of P.A.C. and a fraudulently obtained Missouri driver's license to open an

account at American Eagle Credit Union in the Eastern District of Missouri.   Defendant further

3

agrees and admits that she used, and attempted to use, a debit card issued by the credit union in the identity of P.A.C. to conduct financial transactions which exceeded $10,000 in less than one year. Defendant also agrees that American Eagle Credit Union is a federally insured financial institution.

Finally, defendant agrees and admits that the intended loss associated with her fraudulent use of the identity of P.A.C. exceeded $35,000.

## 5.   STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime of social security fraud to which the defendant is pleading guilty in Count 4 is imprisonment of not more than 5 years, a fine of not more than $250,000.00, or both.   The Court may also impose a period of supervised release of not more than 3 years.

The defendant fully understands that the maximum possible penalty provided by law for the crime of aggravated identity theft to which the defendant is pleading guilty in Count 7 is *a mandatory term of imprisonment of 2 years which must be served consecutively with any other term of incarceration imposed for the conviction of access device fraud*, a fine of not more than $250,000.00, or both.   The Court may also impose no more than a 1 year period of supervised release.

## 6.   U.S. SENTENCING GUIDELINES 2018 MANUAL:

The defendant understands that Count 4 is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense.   However, the offense of aggravated identity theft charged in Count 7 bears a mandatory term of imprisonment of 2 years that must be run consecutively to any sentence imposed for Count 4.   The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

4

**a.   Chapter 2 Offense Conduct:**

**(1)   Base Offense Level:**   The parties agree that the base offense level is **6** as found in Section 2B1.1(a)(2).

**(2)   Chapter 2 Specific Offense Characteristics**:   The parties submit that the following specific offense characteristics apply: **4 levels** should be added pursuant to Section 2B1.1(b)(1)(C) because the loss resulting from the offense was more than $15,000.00, but less than $40,000, and **2 levels** should be added pursuant to Sections 2B1.1(b)(11)(B)(i) because the offense involved the production of an unauthorized access device.

**b.   Chapter 3 Adjustments:**

**(1)   Other Adjustments**:   The parties submit that **2 levels** should be added pursuant to Section 3A1.1(b)(1) because the defendant knew, or should have known, that the victim of the offense was vulnerable.

**(2)   Acceptance of Responsibility**:   The parties recommend that two levels should be deducted pursuant to Section 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility.   The parties agree that the defendant's eligibility for this deduction is based upon information presently known.   If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**c.   Estimated Total Offense Level:**   The parties estimate that the total offense level is **12**.

5

**d.   Criminal History:**   The determination of the defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.   The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e.   Effect of Parties' U.S. Sentencing Guidelines Analysis:**   The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.   WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.   Appeal:**   The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)   Non-Sentencing Issues:**   The parties waive all rights to appeal all nonjurisdictional, non-sentencing issues, including, but not limited to, any issues relating to motions, discovery and the guilty plea.

**(2)   Sentencing Issues:**   In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below the corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History.   Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the

6

plea, and after determining the appropriate Total Offense Level, sentences the defendant within or above the corresponding range.

**b.   Habeas Corpus:**   The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.   Right to Records:**   The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.   OTHER:**

**a.   Disclosures Required by the United States Probation Office:**   The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b.   Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.   Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   As a special condition of supervised release, defendant agrees not to initiate

any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The defendant understands that parole has been abolished.

      **d.   Mandatory Special Assessment:**   Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100.00 for each count, for a total of $200.00, which the defendant agrees to pay at the time of sentencing.   Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

      **e.   Possibility of Detention:**   The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      **f.   Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.   The precise amount of restitution is unknown at the present time.   Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).   Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.   The defendant agrees to provide full restitution to all victims of all charges in the indictment.

8

**9.   ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**   In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.   The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.   The defendant's counsel has explained these rights and the consequences of the waiver of these rights.   The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel.   The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.   Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

9

**10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.   In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.   The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.   The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.   NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

I state under the penalty of perjury that the foregoing is true and correct.

10/30/2020
Date

TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

11/2/20
Date

PORTIA LINDSEY
Defendant

11/2/20
Date

DIANE DRAGAN
Attorney for Defendant

11